Harry THORSEN, Plaintiff
and Appellant,

v.

Markay JOHNSON, et al., Defendants
and Appellees.

GOOSEBERRY ESTATES, et al.,
Plaintiffs and Appellees,

v.

Harry THORSEN and Donald Gates,
Defendants and Appellants.

No. 890411–CA.

Court of Appeals of Utah.

Aug. 9, 1990.

Frederic A. Jackman (argued), Michael K. Black, Orem, for appellant.

Ken Chamberlain (argued), Olsen, McIff & Chamberlain, Richfield, for appellees.

Before GREENWOOD, DAVIDSON and ORME, JJ.

## OPINION

DAVIDSON, Judge:

This case was previously appealed to the Utah Supreme Court. *Thorsen v. Johnson*, 745 P.2d 1243 (Utah 1987) (*Thorsen I*). The Supreme Court affirmed in part and reversed in part for reconsideration of damages. We affirm the trial court's reassessment of damages.

## FACTS

In the original action, Gooseberry Estates brought an action against Thorsen for damages Thorsen caused to Gooseberry's property located in Sevier County. Gooseberry owned approximately 94 acres of undeveloped land which it intended to develop as a subdivision. Thorsen, who was a downstream water user opposed to the development, discovered that he owned an inactive water easement across the property. The original ditch, which was one foot deep and between two and three feet wide, was washed out in many places and barely visible. Thorsen entered the property and excavated the ditch, making it much larger. In the process, he uprooted several hundred trees and left huge rocks and other debris strewn about the property. His efforts destroyed the possibility of developing the property.

After a bench trial, the trial court concluded that Thorsen caused $54,000 in damages calculating the value of the land as a completed subdivision. The Utah Supreme Court held that determination of value on the completed subdivision basis was incorrect. It instead set forth the following test:

> [G]enerally the measure of damages for injury to real property is the difference between the value of the property imme-

diately before and immediately after the injury. . . .

*Thorsen,* 745 P.2d at 1244–45.

■ The case was remanded to the trial court. The trial court reviewed additional evidence in the form of uncontradicted affidavits [1] submitted by Gooseberry's experts and determined that Thorsen caused $38,785 in damages to the property.[2] Thorsen appeals that judgment, arguing that the trial court again incorrectly determined the measure of damages.

In the original opinion, the Supreme Court concluded that the value of the land prior to damage was $1,250 per acre. *Thorsen,* 745 P.2d at 1246. It also concluded that Gooseberry was entitled to damages. *Id.* at 1244–45. Finally, the Supreme Court determined that it is proper for the trial court to figure damages viewing the property's value in light of its intended use:

> It is proper to show that a particular tract of land is suitable and available for subdivision into lots and is valuable for that purpose. It is not proper, however, to show the number and value of lots as separated parcels in an imaginary subdivision thereof. Stated differently, it is improper for the jury to consider an undeveloped tract of land as though a subdivision thereon is an accomplished fact. Such undeveloped property may not be valued on a per lot basis, the cost factor clearly being too speculative.

*Id.* at 1246 (quoting *Department of Highways v. Schulhoff,* 167 Colo. 72, 445 P.2d 402, 405 (1968)).

The Supreme Court also stated that "[i]t is proper to inquire what the tract is worth, *having in view the purposes for which it is best adapted,* but it is the tract, and not

---

1. At oral argument, Thorsen argued that he objected to the affidavit evidence on hearsay grounds, but he contends that the trial judge made no ruling. We find no evidence in the record of this claim. In the absence of a trial transcript or other finding in the record, we must assume that the trial judge acted correctly. *Whatcott v. Whatcott,* 790 P.2d 578, 581 n. 5 (Utah Ct.App.1990). Appellant has the burden of pointing out those portions of the record that support his claim.

2. The additional evidence was submitted pursuant to Utah R. Civ. P. 43(b), which states:

   > When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

the lots into which it might be divided, that is to be valued." *Id.* at 1246 (emphasis added) (quoting *Pennsylvania S.V.R. Co. v. Cleary,* 125 Pa. 442, 17 A. 468 (1889)) (*cited in State v. Tedesco,* 4 Utah 2d 248, 291 P.2d 1028 (1956)).

Here, the trial court determined that the pre-damaged land had some potential for subdivision development. It valued that land at $1,250 per acre based on testimony and evidence from both parties' witnesses. It then determined that nine individual tracts, encompassing 13.77 acres, suffered such extensive damage that they were only worth $100 per acre. It valued the remaining 36.72 acres with potential for subdivision at one-half of its pre-damage value, or $625 per acre. The total in lost value for this acreage equals the damage award fixed by the trial court on remand.

We cannot conclude that the trial court erred in valuing the damaged property when considering the standards set forth by the Supreme Court in *Thorsen I.* The trial court simply valued the entire tract of land as agricultural land with potential for subdivision development. It then concluded that the extensive damage caused by the easement expansion greatly reduced the value of the land. In fact, the post-damage reduction in value took into account the difficulty of developing the land as a subdivision.

In summary, the essentially undisputed $1,250 per acre pre-damage value was for agricultural land with potential for development. The post-damage value merely reflected a substantially damaged tract with little potential for such development. That valuation procedure comports with the test stated in *Thorsen I,* which required the trial court to calculate damages by taking "the difference between the value of the property immediately before and immediately after the injury...." *Thorsen,* 745 P.2d at 1245. We find no error in the trial court's valuation.

GREENWOOD and ORME, JJ., concur.